IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


AVA MOORE,                          :
                                    :
      Plaintiff,                    :
                                    :
v.                                  :        CIVIL ACTION 05-0706-M
                                    :
JO ANNE B. BARNHART,                :
Commissioner of                     :
Social Security,                    :
                                    :
      Defendant.                    :


<u>MEMORANDUM OPINION AND ORDER</u>


In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 23).  Oral argument was heard on September 25, 2006.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** to the Social Security Administration for further action not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born December 12, 1949. At the time of the Administrative Law Judge's (ALJ) most recent decision, Moore was forty-nine years old, had completed a tenth-grade education (Tr. 387), and had previous work experience as a school custodian (Tr. 389). In claiming benefits, Plaintiff alleges disability due to right lower leg thrombophlebitis and chronic post phlebotic pain from deep vein thrombosis (Doc. 15).

Moore filed her first applications for disability insurance benefits and SSI on January 12, 1987, alleging a disability onset date of November 16, 1986 (Tr. 32-35; *see* Doc. 13, p. 1).[1] Those applications were denied on February 17, 1987; Moore did not appeal the denial of those applications (*see* Doc. 13, p. 1; Doc.

---

[1]The Court notes that Plaintiff's applications for SSI, as well as the decisions entered by the Social Security Administration in connection with those applications, do not appear in the record.

2

20, p. 1).

Plaintiff filed her second set of applications for disability benefits and SSI on July 1, 1987, with an alleged onset of disability of November 13, 1986 (Tr. 59-62; *see* Doc. 13, p. 1).  Those application were denied initially and upon reconsideration (Tr. 65-66, 71-72; *see* Doc. 1, p. 1).  There is no evidence to indicate that an appeal was filed (*see* Doc. 13, p. 1; Doc. 20, p. 1).

On June 9, 1988, Moore filed a third set of applications for benefits and SSI, alleging a disability onset date of November 13, 1986 (Tr. 93-96; *see* Doc. 13, p. 1).  Those applications were denied initially and upon reconsideration (Tr. 99-100, 105-06).  Following a request for a hearing (Tr. 107-08), an administrative law judge (ALJ), on April 26, 1990, determined that Plaintiff was not disabled (Tr. 11-22).  On August 11, 1993, U.S. Senior District Judge Thomas, of this Court, affirmed the Commissioner's decision.  *Moore v. Sullivan*, Civil Action 91-0586-DHT-C (S.D. Ala. August 11, 1993).

On August 14, 1991, while her third set of applications were being reviewed in this Court, Moore filed a fourth set of applications for disability benefits and SSI, claiming disability as of November 13, 1986; it is this application which is presently before the Court (Tr. 283-87; *see* Doc. 1, p. 2).  Benefits were denied, both initially and after reconsideration

(Tr. 290-91, 296-97).  Benefits were denied following a hearing by an ALJ who determined, on December 1, 1995, that Plaintiff was capable of working (Tr. 443-56).  On January 24, 1997, the Appeals Council vacated the ALJ's decision, finding that he had not properly considered evidence between April 27, 1990 and August 11, 1993 (the date of the Commissioner's decision on Moore's third set of applications through the date this Court affirmed that decision); the Appeals Council remanded the action back to the ALJ for another hearing and decision (Tr. 473-75).

On February 2, 1999, the ALJ issued another unfavorable decision, finding that Moore could perform light work (Tr. 495-514A).  On June 18, 2002, the Appeals Council remanded the action back to the ALJ because the record could not be located (Tr. 521-23).  The Appeals Council also noted that Plaintiff had filed a subsequent (fifth) SSI application which should be consolidated into the new decision.  The Appeals Council further noted that Moore had applied for Widow's Disability Insurance Benefits for which she was receiving benefits; the ALJ was instructed to locate the Widows claim file and determine the decision's relevance to the disability and SSI claims presently under consideration.  On October 4, 2005, the Appeals Council set aside its June 18, 2002 order and reinstated the ALJ's decision of February 2, 1999; the Appeals Council also denied Plaintiff's request for review of the ALJ's decision (Tr. 269-72).

On December 7, 2005, Moore filed this action, challenging the decisions of the ALJ and the Appeals Council (Doc. 1). Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Moore alleges that:  (1) The Appeals Council acted prematurely in vacating one of its earlier orders; (2) the ALJ effectively reopened the prior decision of April 26, 1990; (3) the ALJ failed to properly consider the opinions and conclusions of her treating physician; (4) the ALJ improperly rejected her testimony; (5) the ALJ imposed an improper hypothetical to the Vocational Expert; and (6) the ALJ used improper Grid Rules in determining that she could work (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 20).

Plaintiff claims that the ALJ effectively reopened the prior decision of April 26, 1990.[2]  Moore specifically asserts that the ALJ "discussed the testimony of the Plaintiff at the hearing conducted on May 16, 1989 (Tr. 500-501, 511) and discussed medical evidence presented on that claim (Tr. 503-504) to contradict later evidence and support his position of non-disability (Tr. 509, 511)" (Doc. 13, p. 19; *see generally* pp. 18-19).

The ALJ specifically stated, in bold print, that the prior

---

[2]Because the Court finds that this claim has merit, it is unnecessary to address Moore's other claims.

decision was deemed "*res judicata* by judicial affirmance" (Tr. 498).  The Eleventh Circuit Court of Appeals, in *Butterworth v. Bowen*, 796 F.2d 1379, 1386 (11th Cir. 1986), held, after looking at 20 C.F.R. § 404.901, that § 404.987 "indicate[d] that any of the four levels of rulings may be reopened."  In reviewing an ALJ's decision, the Eleventh Circuit Court of Appeals has given clear instruction:

> [R]eopening of a case is an extraordinary measure, affording the opportunity of a second excursion through the decision making process.  While a case may be reopened during the first twelve months following the determination for any reason, thereafter it may be reopened only for the specific and substantial reasons catalogued in 20 C.F.R. §§ 404.988 and 404.989.  "Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act." *Califano v. Sanders*, 420 U.S. at 108, 97 S.Ct. at 986.  Because the reopening procedure is in the nature of a bonus opportunity, a greater degree of judicial deference is due to discretionary denials by the administrative agency than is appropriate where judicial review exists as a matter of statutory right.

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1238 (11th Cir. 1983). This Circuit has "held that it has jurisdiction to review the Secretary's decision not to reopen a prior application only where (1) a colorable constitutional claim is raised; or (2) the decision is reconsidered to any extent at any administrative

level." *Jones v. Department of Health and Human Services*, 941
F.2d 1529, 1533 (11th Cir. 1991) (citing *Hall v. Bowen*, 840 F.2d
777, 778 (11th Cir. 1987)); *see also Loudermilk v. Barnhart*, 290
F.3d 1265, 1268 (11th Cir. 2002).  However, "judicial review
under § 405(g) is available when a social security claim is in
fact reopened and reconsidered on the merits to any extent at any
administrative level." *Macon, on Behalf of Griffin v. Sullivan*,
929 F.2d 1524, 1529 (11th Cir. 1991), *citing Graham v. Bowen*, 786
F.2d 1113, 1114 (11th Cir. 1986); *Cherry v. Heckler*, 760 F.2d
1186, 1190 (11th Cir. 1985).

In the determination relevant to this inquiry, the ALJ
summarized, in forty-seven lines of text, Moore's testimony from
the May 16, 1989 evidentiary hearing (Tr. 500-01, 508, 511); this
testimony was given in connection with Plaintiff's third set of
applications.  The ALJ also summarized medical evidence which
predated April 26, 1990, the date of the ALJ's decision which was
affirmed by this Court and asserted to be *res judicata*.
Specifically, the ALJ summarized an emergency room visit on
February 23, 1986 (*see* Tr. 325-30), a report by Dr. Dewey H. Lane
from April 29, 1987 (*see* Tr. 193-99), a consultative exam by Dr.
Henry H. Davis on August 8, 1987 (*see* Tr. 200-06), a consultative
exam by Dr. Henrietta T. Kovacs (*see* Tr. 226-33), and a report
from Dr. William Harold Avant dated August 15, 1989 (*see* Tr. 241-
44) (Tr. 503-04).  Defendant admits the ALJ's citation to the

prior testimony and medical evidence, but asserts that he used that evidence only "to show inconsistencies in Plaintiff's testimony and to assess her credibility regarding her current application" (Doc. 20, p. 15).

The Court disagrees with Defendant's assertion. While the ALJ was assessing Plaintiff's credibility, it appears to the Court that he was evaluating her testimony of 1989 (Tr. 508-11). The ALJ's decision reads as follows: "The claimant's allegations of pain and functional limitations to the degree alleged are not supported by the weight of the evidence in the record. In her testimony during the hearing conducted on May 16, 1989, the claimant testified . . . ." (Tr. 508). After the ALJ's reciting of Moore's testimony, he refers to medical evidence, both pre- and post-dating April 26, 1990, which refutes that testimony (Tr. 508-10). The ALJ then finds inconsistency in Plaintiff's testimony from the October 19, 1995 and July 16, 1997 hearings (Tr. 510-11). And then, again, the ALJ cites specific testimony from the May 16, 1989 hearing which he refutes with medical evidence which almost exclusively relies on evidence pre-dating April 26, 1990 (Tr. 511).

Though Defendant asserts that the ALJ used the prior testimony and evidence to show inconsistencies in her testimony for the current application, the evidence shows otherwise. The ALJ specifically, in two instances, cited Moore's testimony from

1989—not 1997—and showed how the medical evidence was contrary to that testimony.  While the ALJ did demonstrate medical evidence which contradicted Plaintiff's 1997 testimony, the greater part (more than two-thirds) of his discussion on Plaintiff's credibility focuses on her earlier statements.  The Court finds merit in Moore's claim that the ALJ reopened the prior decision. This alone, however, does not indicate a need for this Court to remand this action for further review.

Plaintiff next claims that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of her physicians.  Moore specifically refers to the reports of Drs. Owens, Ahmadi, and Bell (Doc. 13, pp. 5-8).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[3] *see also* 20 C.F.R. § 404.1527 (2005).

Moore points to the evidence of Dr. C. D. Owens, a board-certified osteopathic internist who treated her, though sparingly, from November 13, 1986 through September 28, 1992

_____

[3]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

(Doc. 13, pp. 5-6; *see* Tr. 221-25, 354-65).  Over the course of
the six-year period, Owens examined Plaintiff on thirteen
occasions and indicated that she could not engage in prolonged
standing, walking, or sitting (Tr. 225, 240), that she was, at
least, marginally disabled (Tr. 221), and that her application
for disability should be approved (Tr. 224).

     The ALJ did not reference any of the medical evidence of Dr.
Owens, much less the opinions and conclusions.  The ALJ is
required to "state specifically the weight accorded to each item
of evidence and why he reached that decision."  *Cowart v.
Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  As the ALJ has
not discussed the evidence and opinions provided by Owens, and in
light of this Court's finding that the ALJ had, *de facto*,
reopened the prior administrative decision, the Court finds that
it cannot render a decision as to whether or not the current ALJ
decision is supported by substantial evidence.

     Therefore, it is **ORDERED** that this action be **REMANDED** to the
Social Security Administration for consideration of all evidence
relevant to Plaintiff's disability benefits and SSI applications
of June 9, 1988 and August 14, 1991.  This Court also expresses
the hope that the Social Security Administration will also
consider Moore's fifth SSI application and Widow's Disability
Insurance application, consolidating them, with this, into one
proceeding and determination, so that any questions concerning

their viability may be put to rest.  Judgment will be entered by separate order.

DONE this 29th day of September, 2006.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE